## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Defendant,

-vs-                                        Case No. 04-CR-29
                                                      11-C-1032

DAVID M. LARSEN,

          Movant.

## DECISION AND ORDER

This matter is before the Court on David Larsen's ("Larsen") pro se motion for default judgment on his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 after the government failed to respond to the § 2255 motion within the sixty-day period as ordered by this Court.

### Background

On January 1, 2004, Larsen lured Teri Sue Jendusa-Nicolai ("Jendusa-Nicolai"), his former wife, into his Wind Lake, Wisconsin, home; he then attacked and beat her with a baseball bat. After subduing her, Larsen bound Jendusa-Nicolai with duct tape and placed her inside a snow-filled garbage bin. He then placed Jendusa-Nicolai, still inside the garbage bin, in the bed of his pickup truck and drove to a self-storage facility in Wheeling, Illinois. Larsen placed the garbage bin containing Jendusa-Nicolai in a rented storage locker, positioning heavy objects on and around the bin to prevent her escape. He left her there, in a cold storage locker, to die.

Jendusa-Nicolai was discovered by police the next morning. Her body temperature had dropped to eighty-four degrees; doctors estimated that she had been one hour from death. She suffered hearing damage from the beating, and all of her toes had to be amputated because of frostbite. Several days later, still hospitalized, she suffered a miscarriage after a five-week pregnancy.

On March 18, 2008, Larsen was convicted, after a bench trial, on two counts: willfully and unlawfully kidnaping Jendusa-Nicolai and transporting her from Wisconsin to Illinois in violation of 18 U.S.C. § 1201(a)(1) and knowingly causing Jendusa-Nicolai to travel in interstate commerce by use of force, duress, and coercion, and, in the course of doing so, assaulting her with a dangerous weapon in violation of 18 U.S.C. §§ 2261(a)(2) and (b)(2).

Following a direct appeal, Larsen timely filed his § 2255 motion which lists fifteen grounds for relief. After a preliminary review of the motion, this Court determined that it did not plainly appear from the record and motion that Larsen was not entitled to the relief he seeks and ordered the government to respond to the motion by January 30, 2012. Rule 4(b), Rules Governing § 2255 Proceedings. The government failed to respond in time and only moved to file an instanter response on May 3, 2012, when Larsen sent an April 23, 2012, letter to the clerk regarding the status of his motion. On May 4, 2012, the Court granted the government's motion to file its response which the government had already proffered with its motion. On May 21, 2012, Larsen filed a motion for default judgment, pursuant to Rule 55(d) of the Federal Rules of Civil Procedure on his § 2255 motion because of the government's tardiness.

**Motion for Default Judgment**

A court may correctly enter a default judgment in a civil case against a party that fails to respond after being given notice. *See* Fed. R. Civ. P. 55. However, "a default judgment, without full inquiry into the facts, is especially rare when entered against a custodian in a habeas corpus proceeding." *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981). This is so because a default judgment is essentially a sanction, and sanctions should be proportionate to the wrong. *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994). Releasing a prisoner, properly tried and convicted, or requiring the public to bear the cost and uncertainty of a new trial, are disproportionate sanctions for the wrong of a tardy response. *Id.* Default judgment may be used by trial courts for § 2255 motions, but because it is an extreme remedy in such cases, it should only be used where the government's delay has been extreme. *Ruiz*, 660 F.3d at 341. Even where the government's delay in response is reaching the tipping point, the courts should still decide the motion on the merits if possible, because if the motion has no merit, as is the usual case, then the movant is unharmed by the delay. *Bleitner*, 15 F.3d at 653.

The government's instanter motion states, in effect, that the government's counsel inadvertently failed to calendar the order to respond to Larsen's motion because of an overly busy schedule. The Court finds this explanation inadequate. Yet, an inadequate explanation does not make the delay here rise to the level required to undertake the extreme remedy of default judgment. *Ruiz* at 341 (agreeing with the district court that the government's explanation was inadequate but concluding that alternative sanctions were more proper than

-3-

default judgment). For this case, the policy reasons against granting default judgment remain potent and convincing. Further, the Court notes that the government proffered a response which the Court has already accepted; thus this § 2255 motion may be decided on its merits. Consequently, Larsen's motion for default judgment must be denied.

### Reply to the Government's Response

The Court's December 1, 2011, Decision and Order did not grant leave or fix a time for Larsen to reply to the government's response pursuant to the Rules Governing § 2255 Proceedings, Rule 5(d). The Court now exercises its discretion and permits Larsen to file a reply to the government's response. Larsen's filings to date do not indicate an awareness that the government's instanter motion has been granted. Accordingly, the reply must be filed within **sixty (60)** days of the date of this Decision and Order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Larsen's motion for default judgment (Docket No. 10) is **DENIED**.

2. Pursuant to Rule 5(d) of the Rules Governing § 2255 Proceedings, Larsen may file a reply to the government's response to his § 2255 motion within **sixty (60)** days of the date of this Decision and Order.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**